UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCIUS CRUMP,

  Petitioner,

CASE NO. 1:08-CV-820

v.

HON. ROBERT J. JONKER

BLAINE LAFLER,

  Respondent.

_____/

**ORDER AND JUDGEMENT**
**APPROVING REPORT AND RECOMMENDATION**

  The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 2) and Petitioner's Objection to Report and Recommendation (docket # 3).

  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate
> judge's disposition that has been properly objected to.  The district
> judge may accept, reject, or modify the recommended disposition;
> receive further evidence; or return the matter to the magistrate judge
> with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds the Report and Recommendation to be both factually sound and legally correct.

Mr. Crump broadly objects to the Report and Recommendation's position that the Michigan parole system does not create a liberty interest in parole. (*See* Report and Recomm., docket # 2 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Sweeton v. Brown*, 27 F.3d 1162, 1164–65(6th Cir. 1994) (en banc)).) Abundant case law holds that the Michigan parole system does not create a liberty interest in parole. *See, e.g.*, *Sweeton,* 27 F.3d at 1164–65*; Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. Jan. 10, 2006); *Echlin v. Boland*, 111 F. App'x 415, 417 (6th Cir. Sept. 17, 2004); *Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). Mr. Crump urges the Court to depart from such precedents. However, none of Mr. Crump's arguments convinces the Court that a departure would be appropriate. "Michigan law . . . does not create a liberty interest in the granting of parole." *Caldwell,* 158 F. App'x at 741 (citing *Sweeton*, 27 F.3d at 1164–65)).

In the absence of a liberty interest in parole, Mr. Crump's habeas corpus action lacks a necessary element and therefore cannot succeed. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 2), is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Lucius Crump's petition for a writ of habeas corpus is **DISMISSED**; and
2. A certificate of appealability is **DENIED**.

Dated:   December 22, 2008              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE